**Paul THOMES and Richard Thomes,
Plaintiffs–Appellants,**

v.

**EQUITABLE SAVINGS & LOAN ASSO-
CIATION, Defendant–Appellee.**

No. 87–1413.

United States Court of Appeals,
Fifth Circuit.

Feb. 22, 1988.

Linda N. Coffee, Palmer & Palmer, Dal-
las, Tex., for plaintiffs-appellants.

Barry A. Brown, Houston, Tex., for ami-
cus curiae John Black.

David G. Eisenstein, Washington, D.C.,
Charles R. Haworth, Patrick E. Longan,

Andrews & Kurth, Dallas, Tex., for defend-
ant-appellee.

Before VAN GRAAFEILAND,[*]
JOHNSON and JOLLY, Circuit Judges.

PER CURIAM:

Paul and Richard Thomes filed this fed-
eral diversity action in December 1986,
seeking damages and declaratory relief
against Equitable Savings & Loan Associa-
tion for alleged violations of state usury
laws and related claims. In March 1987,
the Federal Home Loan Bank Board
("FHLBB") appointed the Federal Savings
and Loan Insurance Corporation ("FSLIC")
receiver for Equitable pursuant to 12 U.S.
C. § 1464(d)(6)(A). Asserting that the dis-
trict court lacked subject matter jurisdic-
tion, the FSLIC moved for dismissal and
the court granted the motion. On appeal,
the Thomes raised for the first time the
constitutional issue that FSLIC's adminis-
trative scheme is an impermissible delega-
tion of article III judiciary power to a non-
article III court. In a panel decision ren-
dered November 9, 1987, this court held
that the district court's decision should be
affirmed on all issues except the constitu-
tional one. *Thomes v. Equitable Sav. and
Loan Ass'n*, 831 F.2d 558 (5th Cir.1987).
Noting that the constitutional issue had not
been addressed in our precedent and ap-
peared more troubling than the other is-
sues, the panel assigned the constitutional
issue for oral argument.

Of course, it is not in dispute that this
circuit has sanctioned the administrative
review scheme followed by the FSLIC on
numerous occasions. *FSLIC v. Bonfanti*,
826 F.2d 1391 (5th Cir.1987); *Chupik Corp.
v. FSLIC*, 790 F.2d 1269 (5th Cir.1986);
*Northern Mississippi Savings & Loan
Ass'n v. Hudspeth*, 756 F.2d 1096 (5th Cir.
1985). In *Hudspeth*, this circuit interpret-
ed section 1464(d)(6)(C) as giving the FSLIC
exclusive jurisdiction of creditor claims in
the first instance. 756 F.2d at 1103. Un-
der the administrative review scheme des-

ignated in 12 U.S.C. § 1464(d)(6)(C), the FHLBB may place a savings and loan association into receivership when it becomes insolvent and appoint the FSLIC as receiver. The FSLIC must then give creditors notice that claims may be submitted to the FSLIC for determination of payment. *Hudspeth*, 756 F.2d at 1102. A creditor denied relief may seek further review by the FHLBB and, if the creditor remains dissatisfied, judicial review may be obtained pursuant to the guidelines established under the Administrative Procedure Act. *Id.* at 1103. But only *after* a claim has proceeded through the administrative process is judicial review appropriate.

The Thomes attempt to overcome this circuit's holding in *Hudspeth* by challenging the constitutionality of the administrative review scheme. We note, however, that by their refusal to exhaust their claims before the FSLIC, they have left this court unable to decide the constitutional issue. We do not know nor can we speculate whether the FSLIC would grant the Thomes' claims. If the claims were granted, such a ruling would deny the Thomes' standing and consequently avoid the necessity of reaching a judicial decision. Moreover, we are convinced that not until we can review in full the administrative proceedings can we intelligently and cogently address the question whether the proceedings satisfy constitutional requirements. Thus, since the Thomes have shown no immediate injury and have not pursued their available administrative remedies, the constitutional issue presented is not ripe for determination. *Poe v. Ullman,* 367 U.S. 497, 81 S.Ct. 1752, 1756, 6 L.Ed.2d 989 (1961); *Coit Independence Joint Venture v. Firstsouth, F.A.*, 829 F.2d 563, 565 (5th Cir.1987).

The district court's dismissal is therefore

AFFIRMED.