**SANDIA FEDERAL SAVINGS & LOAN ASSOCIATION,
Plaintiff–Appellant,**

**v.**

**VERNON SAVINGS & LOAN ASSOCIATION, et al.,
Defendants–Appellees.**

No. 88–1278
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 14, 1988.

Collier H. Pate, William C. McAlister, Pate & Payne, Oklahoma City, Okl., for plaintiff-appellant.

Leonard, Marsh, Hurt & Terry, David A. Ives, Ann C. Kenney, Dallas, Tex., Richard L. Rennert, Washington, D.C., David I. Hammond, Barry S. Zisman, William G. Compton, Dallas, Tex., Paul H. Friedman, Samuel J. Winer, Charles McDonald, Washington, D.C. for defendants-appellees.

Before CLARK, Chief Judge,
JOHNSON and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Sandia Federal Savings and Loan Association ("Sandia") appeals the district court's dismissal, for lack of subject matter jurisdiction, of Sandia's claim against Vernon Savings and Loan Association ("Vernon") after the Federal Home Loan Bank Board ("FHLBB") had declared Vernon insolvent and appointed the Federal Savings and Loan Insurance Corporation ("FSLIC") as receiver. We affirm.

## I

Sandia purchased participations of twenty-seven loans from Vernon. In January 1987, Sandia filed an action against Vernon in district court for failing to repurchase some of the loans, allegedly in violation of a participation agreement. While the case was pending, the FHLBB declared that Vernon was insolvent and appointed the FSLIC as receiver. The FSLIC transferred substantially all of Vernon's assets and liabilities to Vernon Savings and Loan Association, FSA ("Vernon FSA"), a new, federally chartered savings and loan association. In July 1987, Sandia filed an amended complaint against Vernon and Vernon FSA. In November 1987, the FHLBB declared Vernon FSA insolvent and again appointed the FSLIC as receiver.

Earlier in November, Sandia had filed a motion for partial summary judgment. After the FSLIC was appointed receiver, the district court ordered that the FSLIC need not respond to Sandia's motion until after the district court ruled on a motion to dismiss which the FSLIC anticipated filing. In March 1988 the FSLIC filed its motion to dismiss, arguing that the district court lacked jurisdiction over Sandia's claims pursuant to 12 U.S.C. § 1464(d)(6)(C), as interpreted by the Fifth Circuit in *North Mississippi Savings and Loan Ass'n v. Hudspeth*, 756 F.2d 1096 (5th Cir.1985), *cert. denied*, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1980). The district court granted the FSLIC's motion. Sandia appeals the dismissal.

## II

This case is controlled by our interpretation of 29 U.S.C. §§ 1464(d)(6)(C) and 1729(d) in *Hudspeth*. Section 1464(d)(6)(C) provides:

> Except as otherwise provided in this subsection, no court may take any action for or toward the removal of any conservator or receiver, or, except at the instance of the [FHLBB], restrain or affect the exercise of powers or function of a conservator or receiver.

Section 1729(d) further provides:

> In connection with the liquidiation of insured institutions, the [FSLIC] shall have power to carry on the business of and to collect all obligations to the insured institution, to settle, compromise, or release claims in favor of or against the insured institutions, and to do all other things that may be necessary in connection therewith subject only to the regulation of the [FHLBB]....

In *Hudspeth*, we held that these provisions allow judicial review of claims against insured institutions in receivership only after the FSLIC and the FHLBB act on those claims. 756 F.2d at 1103. In the present case, Sandia desires to have the district court hear its action against Vernon and Vernon FSA despite the FSLIC's present receivership. Because *Hudspeth* precludes

the district court from hearing Sandia's action, the dismissal was proper.

■ Sandia nevertheless contends that we should reconsider the *Hudspeth* holding under the facts of this case. Obviously, one panel of the Fifth Circuit cannot overrule a decision of another panel. To obtain reconsideration of Fifth Circuit precedent, Sandia must petition for rehearing en banc. At any rate, Sandia has failed to distinguish the facts of the instant case from *Hudspeth;* its argument that the FSLIC's unreasonable delay has caused injury does not alter the analysis of the statute.

Sandia also argues that the statute is unconstitutional. First, it claims that section 1729(d) delegates functions to the FSLIC which must be performed by Article III courts. Second, it claims that the statute deprives Sandia of due process in the consideration of its claims against Vernon and Vernon FSA because the administrative process causes unreasonable delay and because the process lacks procedures to give Sandia access to information necessary to support its claims.

■ Fifth Circuit precedent also disposes of Sandia's constitutional arguments. We have held in similar cases that constitutional challenges to the FSLIC's exclusive jurisdiction and section 1464(d)(6)(C) and 1789(d) are not ripe for review until the administrative process is exhausted. *Thomes v. Equitable Savings & Loan Ass'n,* 837 F.2d 1317, 1318 (5th Cir.1988); *Coit Independent Joint Venture v. First South, F.A.,* 829 F.2d 563, 564–65 (5th Cir. 1987), *cert. granted,* — U.S. ——, 108 S.Ct. 1105, 99 L.Ed.2d 267(1988). Since Sandia has not exhausted its possible remedies with the FSLIC and FHLBB, it cannot now challenge the constitutionality of the administrative process. We are not convinced by Sandia's assertions that it falls within an exception to the exhaustion doctrine. Sandia claims that three traditional exceptions apply here: first, the administrative remedy would be so unreasonably delayed as to create a serious risk of irreparable injury; second, it seeks to have the statute declared unconstitutional and administrative action would leave standing the constitutional issue; third, the question of the adequacy of the admininstrative remedy is for all practical purposes co-extensive with the merits of the constitutional claim. *See Patsy v. Florida International University,* 634 F.2d 900, 903–04 (5th Cir. 1981), *rev'd on other grounds,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). Except for complaints about delay, however, Sandia does not support its conclusory assertions with facts evidencing an irreparable injury which it is suffering by the delay. Nor does Sandia explain why the administrative process cannot satisfy its claims or why exhausting the administrative process will not aid in the adjudication of any remaining constitutional challenges. In *Thomes,* we decided that not until we could review in full the administrative proceedings could we intelligently and cogently address whether the proceedings satisfy constitutional requirements. 837 F.2d at 1318. The instant case is no different. Sandia's speculations about future delays and about the probability that it would have received summary judgment in district court are insufficient to ripen its constitutional claims.

### III

Under *Hudspeth,* claims against insured institutions which are in receivership must be made within the administrative process of the FSLIC and the FHLBB. Furthermore, claims that the administrative process is unconstitutional are not ripe for review. Accordingly, the district court's dismissal of Sandia's claims against Vernon and Vernon FSA is

AFFIRMED.