UNITED STATES of America, Plaintiff-Appellee, Cross-Appellant,

v.

Nolberto ZUNIGA-SALINAS, Defendant-Appellant, Cross-Appellee.

Nos. 90–2773, 90–2824.

United States Court of Appeals, Fifth Circuit.

Jan. 23, 1992.

trial of those counts to be delayed, even if others remain to be tried.

Richard J. Gonzalez, Laredo, Tex. (Court-appointed), for defendant-appellant.

Patty M. Stemler, Deputy Chief, Appellate Section, U.S. Dept. of Justice, Main Justice Dept., Washington, D.C., Paula Offenhauser, Jeffery A. Babcock, Asst. U.S. Attys., Ronald G. Woods, U.S. Atty., Houston, Tex., for plaintiff-appellee in No. 90–2773.

Jeffery A. Babcock, Asst. U.S. Atty., Ronald G. Woods, U.S. Atty., Mark M. Dowd, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee in No. 90–2824.

Before POLITZ, Chief Judge, WISDOM, KING, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, JONES, SMITH, DUHÉ, WIENER, BARKSDALE, EMILIO M. GARZA and DeMOSS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

We determined, *sua sponte*, to rehear this case en banc, *see United States v. Zuniga–Salinas*, 947 F.2d 1530 (5th Cir. 1991), at the suggestion of the panel, *see id.* 945 F.2d 1302, 1307 (5th Cir.1991), in order to consider whether a verdict convicting one defendant of conspiracy must be set aside where an inconsistent verdict is returned in the same trial acquitting the sole alleged co-conspirator. Concluding that an inconsistent verdict is not a bar to conviction, we reverse the district court's judgment of acquittal on the conspiracy count. In so doing, we overrule *Herman v. United States*, 289 F.2d 362 (5th Cir.), *cert. denied*, 368 U.S. 897, 82 S.Ct. 174, 7 L.Ed.2d 93 (1961), and its progeny. In all other respects, we reinstate the panel opinion.

The facts are set forth in the panel opinion, 945 F.2d at 1303–04. The appellant, Nolberto Zuniga–Salinas, was convicted of possession of marihuana with intent to distribute. Though the jury found him guilty of conspiracy to possess marihuana, the district court granted his motion for acquittal on that count because of the jury's acquittal of his co-defendant, Ruben Olvera–Garcia. The district court, while predicting that this court ultimately would change its posture on this issue, perceived itself bound by *United States v. Sheikh*, 654 F.2d 1057, 1062 (5th Cir. Unit A Sept. 1981), *cert. denied*, 455 U.S. 991, 102 S.Ct. 1617, 71 L.Ed.2d 852 (1982), in which we held that "the conviction of only one defendant will not be upheld when all other alleged co-conspirators on trial are acquitted."

In *Herman*, without citation to any caselaw, we held that "where all but one of the charged conspirators are acquitted, the verdict against the one will not stand." 289 F.2d at 368. Frequently we have recognized the criticism of *Herman*,[1] but we have not squarely overruled it—an action that can be taken only en banc, *see Sandia Fed. Sav. & Loan Ass'n v. Vernon Sav. & Loan Ass'n*, 860 F.2d 608, 610 (5th Cir. 1988), *vacated on other grounds sub nom. Sandia Fed. Sav. & Loan Ass'n v. FSLIC*, 490 U.S. 1062, 109 S.Ct. 2058, 104 L.Ed.2d 624 (1989), or in light of "an overriding Supreme Court decision or a change in statutory law," *United States v. Don B. Hart Equity Pure Trust*, 818 F.2d 1246, 1250 (5th Cir.1987). *See United States v. Albert*, 675 F.2d 712, 713 (5th Cir.1982).

In its brief to the panel, the government suggested that *Herman* and *Sheikh* had been overruled implicitly by *United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984). There, the Court unanimously upheld a verdict finding the defendant guilty of using the telephone to facilitate a felony yet innocent of the predicate felony. *Id.* at 59–60, 105 S.Ct. at 473–74. The Court reasoned that "where truly inconsistent verdicts have been reached, '[t]he most that can be said ... is that the verdict shows that either in the acquittal or

---

1. *See, e.g., United States v. Tarpley*, 945 F.2d 806, 810 & n. 3 (5th Cir.1991); *United States v. Villasenor*, 894 F.2d 1422, 1428 n. 6 (5th Cir.1990); *Albert*, 675 F.2d at 713; *United States v. Espino-za–Cerpa*, 630 F.2d 328, 330 (5th Cir.1980); *United States v. Musgrave*, 483 F.2d 327, 333 (5th Cir.), *cert. denied*, 414 U.S. 1023, 94 S.Ct. 447, 38 L.Ed.2d 315 (1973).

the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt.'" *Powell*, 469 U.S. at 64–65, 105 S.Ct. at 476 (quoting *Dunn v. United States*, 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356 (1932)). "It is ... possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense." *Id.* at 65, 105 S.Ct. at 476. "The fact that the inconsistency may be the result of lenity, coupled with the Government's inability to invoke review, suggests that inconsistent verdicts should not be reviewable." *Id.* at 66, 105 S.Ct. at 477 (footnote omitted). Finally, the Court noted that "a criminal defendant already is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts." *Id.* at 67, 105 S.Ct. at 478.

The panel, 945 F.2d at 1307, declined to accept the government's invitation to deem *Herman* and *Sheikh* to have been overruled by *Powell*, while "recogniz[ing] that First and Ninth Circuit panels have held that *Powell* overruled their previous rules of consistency" (citing *United States v. Bucuvalas*, 909 F.2d 593, 597 (1st Cir. 1990), and *United States v. Valles–Valencia*, 823 F.2d 381 (9th Cir.), *modifying on panel rehearing* 811 F.2d 1232 (9th Cir. 1987)). *Id.* at 1307 n. 2.[2] Instead, the panel opted to follow the lead of the Eleventh Circuit in *United States v. Andrews*,

850 F.2d 1557, 1561 (11th Cir.1988) (en banc), *cert. denied*, 488 U.S. 1032, 109 S.Ct. 842, 102 L.Ed.2d 974 (1989), by recommending that the matter be reviewed en banc, concluding that "[s]ince agreement, which requires more than one person, is the key element of conspiracy, *Herman*, 289 F.2d at 368, we cannot see that *Powell* equally overrules *Herman* and *Sheikh*." 945 F.2d at 1307.

The Eleventh Circuit, like this court, was bound by *Herman*, as *Herman* was a Fifth Circuit decision issued prior to the split of the Fifth and Eleventh Circuits effective October 1, 1981, and the Eleventh Circuit has adopted existing Fifth Circuit decisions as precedent. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207–08 (11th Cir. 1981) (en banc). Like the instant case, *Andrews* involved the acquittal of all of the defendant's alleged co-conspirators. The court overruled *Herman* as Eleventh Circuit precedent, concluding that "[c]onsistent verdicts are unrequired in joint trials for conspiracy: where all but one of the charged conspirators are acquitted, the verdict against the one can stand. The compelling rationale of *Dunn* and its progeny [sic], including *Powell*, brings us to this conclusion." 850 F.2d at 1561.

We agree. An inconsistent verdict should no longer be a bar to conviction where all other co-conspirators are acquitted. For the reasons enunciated in *Powell* (including specifically the possibility of mistake, compromise, or lenity, and the independent availability of sufficiency-of-the-evidence review), such verdicts should not be subject to review for inconsistency.[3]

---

**2.** The Fourth Circuit has treated *Powell* similarly. *See United States v. Thomas*, 900 F.2d 37, 40 (4th Cir.1990). Other circuits have reached a like conclusion in *dicta*. *See United States v. Velasquez*, 885 F.2d 1076, 1091 n. 13 (3d Cir. 1989), *cert. denied*, 494 U.S. 1017, 110 S.Ct. 1321, 108 L.Ed.2d 497 (1990); *United States v. Garcia*, 882 F.2d 699, 704–05 (2d Cir.), *cert. denied*, 493 U.S. 943, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989); *United States v. Mancari*, 875 F.2d 103, 104–07 (7th Cir.1989); *United States v. Dakins*, 872 F.2d 1061, 1065–66 (D.C.Cir.), *cert. denied*, 493 U.S. 966, 110 S.Ct. 410, 107 L.Ed.2d 375 (1989); *Government of V.I. v. Hoheb*, 777 F.2d 138, 142–43 (3d Cir.1985) (Garth, J., concurring).

**3.** In his supplemental brief on rehearing en banc, Zuniga–Salinas does not argue that the

*Herman* line of cases should not be overruled. Instead, he asserts now, for the first time, that this case does not present the inconsistent-verdict problem at all. The reason given is that Zuniga–Salinas was charged with conspiring with Olvera–Garcia and "persons unknown" and that, as the jury acquitted Olvera–Garcia, it must have found that Zuniga–Salinas conspired with the unnamed persons, a verdict not inconsistent with the acquittal of Olvera–Garcia. Zuniga–Salinas then reasons that, as the district court and the government now agree that there was insufficient evidence of a conspiracy with such unknown persons, his conviction must be reversed.

The judgment of acquittal is RE-VERSED. In all other respects, the judgment of the district court is AFFIRMED and, except for part V and the relevant portion of part VI thereof, the panel opinion is reinstated. This matter is RE-MANDED to the district court for appropriate further proceedings consistent herewith. *Herman v. United States,* 289 F.2d 362 (5th Cir.), *cert. denied,* 368 U.S. 897, 82 S.Ct. 174, 7 L.Ed.2d 93 (1961), and *United States v. Sheikh,* 654 F.2d 1057 (5th Cir. Unit A Sept.1981), *cert. denied,* 455 U.S. 991, 102 S.Ct. 1617, 71 L.Ed.2d 852 (1982), and their progeny are hereby OVER-RULED.

We disagree with Zuniga–Salinas's claim that the inconsistent-verdict issue is not implicated here. There was, in fact, no evidence of involvement by "persons unknown." Thus, by any measure, there is insufficient evidence from which a jury could conclude that Zuniga–Salinas conspired with such persons. Although Olvera–Garcia was acquitted, there was evidence from which a jury reasonably could have found, beyond a reasonable doubt, that Olvera–Garcia conspired with Zuniga–Salinas. Accordingly, the verdict is inconsistent as to the only co-conspirator as to whom there was sufficient evidence of conspiracy. If the evidence is insufficient as to any and all co-conspirators (named and unnamed), there is, by definition, insufficient proof of conspiracy.