Steven A. CORTIS, Appellant,

v.

Mike KENNEY, Appellee.

No. 92–2842.

United States Court of Appeals, Eighth Circuit.

Submitted March 19, 1993.

Decided June 14, 1993.

Douglas L. Kluender, Lincoln, NE, argued, for appellant.

Donald Andrew Kohtz, Lincoln, NE, argued (Delores Coe-Barbee, Asst. Atty. Gen., on the brief), for appellee.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and STOHR,* District Judge.

WOLLMAN, Circuit Judge.

Steven A. Cortis appeals from the district court's[1] order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We affirm.

## I.

The state of Nebraska charged Cortis with possession with the intent to manufacture

* The HONORABLE DONALD J. STOHR, United States District Judge for the Eastern District of Missouri, sitting by designation.

marijuana and conspiracy to manufacture marijuana. At his bench trial in the district court of Dakota County, Nebraska, the state presented evidence that Cortis and one Nancy K. Brown had conspired to grow marijuana. The court convicted Cortis on both counts and sentenced him to two concurrent prison terms of six to ten years. The Nebraska Supreme Court affirmed Cortis's convictions. *State v. Cortis,* 237 Neb. 97, 465 N.W.2d 132 (1991).

Cortis filed this petition for federal habeas corpus relief and subsequently moved for an evidentiary hearing. A United States magistrate judge denied the motion and recommended denying Cortis's habeas petition. The district court adopted the magistrate judge's recommendation and denied Cortis's petition. This appeal followed.

## II.

Cortis first argues that under the "rule of consistency" his conspiracy conviction cannot stand because the same trial judge who convicted him of conspiracy had previously acquitted his only alleged coconspirator, Nancy Brown, of conspiracy. In considering his argument, we begin by noting our limited scope of review in this case. This case comes before us as a collateral attack on a state court judgment that has already been affirmed. In reviewing a state court judgment in a habeas proceeding, we may issue a writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

To establish that Nancy Brown had been acquitted of conspiracy in the district court of Dakota County, Nebraska, Cortis moved for an evidentiary hearing to supplement the record with either a copy of the criminal proceedings in Brown's case or a supporting affidavit from Brown. Cortis has failed to establish that supplementing the record with the offered information would benefit him in this proceeding. As discussed below, even if we assume that the same judge who convict-

1. The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska.

ed Cortis of conspiracy had previously acquitted his sole coconspirator of conspiracy, Cortis has failed to assert a constitutional violation. Accordingly, the magistrate judge did not err in denying the motion for a hearing.

The rule of consistency states that where all possible coconspirators are tried jointly and all but one are acquitted, the remaining coconspirator's conviction will not be upheld. We have recognized this rule in cases before us on direct appeal.[2] *See United States v. Jones,* 880 F.2d 55, 65 n. 12 (8th Cir.1989); *United States v. Bell,* 651 F.2d 1255, 1258 (8th Cir.1981). The rationale for the rule of consistency is that "the acquittal of all but one potential conspirator negates the possibility of an agreement between the sole remaining defendant and one of those acquitted of the conspiracy and thereby denies, by definition, the existence of any conspiracy at all." *United States v. Espinosa–Cerpa,* 630 F.2d 328, 331 (5th Cir.1980).

■ Assuming that the rule of consistency has continuing force in this circuit, we hold that it does not apply in this case. As several circuits have recognized, the rule applies only where all coconspirators are tried jointly and does not apply where coconspirators are tried separately. *See, e.g., United States v. Walker,* 871 F.2d 1298, 1304 n. 5 (6th Cir.1989); *United States v. Irvin,* 787 F.2d 1506, 1512 (11th Cir.1986); *United States v. Lewis,* 716 F.2d 16, 22 (D.C.Cir.), *cert. denied,* 464 U.S. 996, 104 S.Ct. 492, 78 L.Ed.2d 686 (1983); *United States v. Sangmeister,* 685 F.2d 1124, 1126–27 (9th Cir. 1982); *Espinosa–Cerpa,* 630 F.2d at 333. Cortis argues, however, that all the above-cited cases involved inconsistent verdicts in separate jury trials and that the rule of consistency should apply where coconspirators are tried separately before the same judge. Cortis contends that different juries

might reasonably reach different verdicts, but that a judge should not be allowed to do so. Based on *Harris v. Rivera,* 454 U.S. 339, 102 S.Ct. 460, 70 L.Ed.2d 530 (1981) (per curiam), we find his argument unpersuasive.

■ In *Rivera,* a state trial judge jointly tried three defendants on five separate counts arising from one episode. The judge reached apparently inconsistent verdicts by acquitting one defendant on all counts and finding Rivera and another defendant guilty on two counts. *Id.* at 340, 102 S.Ct. at 461–62. Rivera challenged the inconsistency of the verdicts in his petition for a writ of habeas corpus. The Court first noted that inconsistency in a jury verdict is not a sufficient reason for setting the verdict aside. *Id.* at 345, 102 S.Ct. at 464 (citing *United States v. Dotterweich,* 320 U.S. 277, 279, 64 S.Ct. 134, 88 L.Ed. 48 (1943) (upholding inconsistent verdicts in a joint trial); *Dunn v. United States,* 284 U.S. 390, 393, 52 S.Ct. 189, 190–91, 76 L.Ed. 356 (1932) (upholding inconsistent verdicts on separate charges against one defendant)). The Court then rejected the argument that a different rule should be applied to cases in which a judge is the factfinder. *Id.,* 454 U.S. at 346–48, 102 S.Ct. at 464–66. The Court observed that plausible explanations exist for inconsistent verdicts in a judge-tried case. For example, the judge may have made an error of law in acquitting a codefendant. *Id.* at 347, 102 S.Ct. at 465. There is no reason—and surely no constitutional requirement—that such an error should redound to the benefit of his convicted codefendant. *Id.* The Court further stated that even the unlikely possibility that the acquittal was the product of the lenity that state court judges are free to exercise at sentencing but generally are forbidden to exercise in deciding guilt or innocence would not create a constitutional violation. *Id.* at 348, 102 S.Ct. at 465–66. Nothing in the Constitution prohibits state judges

---

2. The rule of consistency has come under substantial attack. In *United States v. Powell,* the Supreme Court held that inconsistent jury verdicts, even verdicts that acquit on a predicate offense while convicting on the compound offense, are not unconstitutional or reviewable under the Court's supervisory powers over the federal criminal process. 469 U.S. 57, 65–67, 105 S.Ct. 471, 476–78, 83 L.Ed.2d 461 (1984). In

the light of *Powell,* several circuits have explicitly rejected the rule of consistency, and several others have questioned its continuing validity. *See United States v. Zuniga–Salinas,* 952 F.2d 876, 878 & n. 2 (5th Cir.1992) (citing cases in which the rule of consistency has been rejected or questioned); *United States v. Bucuvalas,* 909 F.2d 593, 596 (1st Cir.1990) (same).

from being excessively lenient. *Id.* In short, *Rivera* holds that inconsistent verdicts in joint bench trials do not violate the Constitution. *Id.* at 344, 102 S.Ct. at 463–64.

In the light of *Rivera*, we hold that the state trial court did not violate Cortis's constitutional rights by convicting him of conspiracy after the court had acquitted his only alleged coconspirator in a separate trial. Both of the possible explanations for inconsistent verdicts discussed by the Court in *Rivera* can explain the inconsistent verdicts at issue in this case. The judge may have acquitted Brown not because she was, in fact, innocent of conspiring with Cortis, but because the judge made an error of law or exercised excessive leniency in her case.

Our decision in *United States v. West,* 549 F.2d 545 (8th Cir.), *cert. denied,* 430 U.S. 956, 97 S.Ct. 1601, 51 L.Ed.2d 806 (1977), lends further support to our holding in this case. On direct appeal, West argued that inconsistent verdicts in a multi-count indictment should not be permitted in judge-tried cases. We rejected this argument, indicating that consistency between verdicts is not required whether a case is tried before a jury or a judge. *Id.* at 553.

Our holding does not leave someone in Cortis's position without standing to challenge his conviction. He may challenge the sufficiency of the evidence to support his conspiracy conviction, an inquiry that is separate from the inquiry concerning inconsistent verdicts. *United States v. Powell,* 469 U.S. 57, 67, 105 S.Ct. 471, 477–78, 83 L.Ed.2d 461 (1984); *Rivera,* 454 U.S. at 348–49, 102 S.Ct. at 465–66. "Sufficiency-of-the-evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt." *Powell,* 469 U.S. at 67, 105 S.Ct. at 478. Such a defendant may also question whether his trial was conducted in a fair manner. *Rivera,* 454 U.S. at 348, 102 S.Ct. at 465–66. A defendant who is found guilty beyond a reasonable doubt of conspiring with another after a fair trial, however, has no constitutional ground to complain that his coconspirator was acquitted of conspiracy. *See Id.; Standefer v. United States,* 447 U.S. 10, 26, 100 S.Ct.

1999, 2009, 64 L.Ed.2d 689 (1980). Although "symmetry of results may be intellectually satisfying," it is not constitutionally required. *Standefer,* 447 U.S. at 25, 100 S.Ct. at 2009.

Cortis argues further that the state trial court erred in not suppressing evidence obtained pursuant to an invalid arrest warrant and an invalid search warrant. A Fourth Amendment claim cannot be the basis for federal habeas relief unless the petitioner can demonstrate that he did not have a full and fair opportunity to litigate the claim in state court. *Stone v. Powell,* 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976). Because Cortis had the opportunity to litigate these claims on direct appeal to the Nebraska Supreme Court, *see Cortis,* 465 N.W.2d at 137–41, we may not review them here.

The petition for a writ of habeas corpus is denied.