IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20528
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


versus

JOSE LEOMAR BORRERO,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas
USDC No. 93-CR-292-2
_____

May 08, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

I

Jose Leomar Borrero, who was an overnight guest at the searched premises, appeals his convictions for conspiracy to possess with intent to distribute in excess of 5 kilograms and possession with intent to distribute 5 kilograms or more of cocaine. Borrero argues that the district court erred in denying his motion to suppress those items recovered from his person and

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

from his briefcase. The district court based its ruling on this court's decision in United States v. Giwa, 831 F.2d 538, 543-45 (5th Cir. 1987). In that case, although we noted that a casual visitor may be "outside the scope of the premises search warrant [that requires] independent probably cause," we further held that a overnight visitor was not a casual visitor.

## II

Borrero has not challenged the validity of the search warrant, he simply asserts that as a visitor to the residence, a search of his person and belongings was outside of the scope of the warrant. To determine whether a visitor and his belongings would be covered by a premises search warrant is determined by "the relationship between the person and the place." Giwa, 831 F.2d at 545. Borrero concedes that he was an overnight guest in the residence and that he was found in the house in the early morning hours, clad in sleepwear. These are the same circumstances as those that led the Giwa Court to conclude that an overnight guest was not a casual visitor or a mere passerby. Borrero has not shown that the search was unreasonable.

## III

Borrero asserts that Giwa was wrongly decided, because independent probable cause should be required for all visitors. However, only an "overriding Supreme Court decision," a change in statutory law, or this court sitting en banc may overrule a panel decision. See United States v. Zuniga-Salinas, 952 F.2d 876, 877

(5th Cir. 1992) (en banc).  Borrero has not asserted a statutory change or a subsequent en banc case affecting <u>Giwa</u>.  Borrero incorrectly asserts that <u>Giwa</u> is inconsistent with the Supreme Court holding in <u>Minnesota v. Olson</u>, 495 U.S. 91, 97-100 (1990).

For the reasons stated herein, the judgment of conviction of Jose Leomar Borrero is

A F F I R M E D.