IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30224
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ELVIN PIGOTT,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CR-84-1-T
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:*

     Elvin Pigott appeals his guilty-plea conviction and sentence

for conspiracy to distribute 50 grams or more of cocaine base and

distribution of 50 grams or more of cocaine base in violation of

21 U.S.C. §§ 841(a)(1) and 846.  Pigott argues that his guilty

plea lacked a factual basis because his indictment charged him

with offenses involving 50 grams or more of cocaine base but a

lab report determined that the substance had a net weight of 67

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

grams and contained only 27.5 grams of pure drug.  We have already held that for purposes of cocaine base the relevant consideration is the total weight of the mixture or substance, not the weight of the pure drug alone.  See United States v. Cartwright, 6 F.3d 294, 303 (5th Cir. 1993); see also Chapman v. United States, 500 U.S. 453, 461 (1991).  Therefore, Pigott's argument fails.

Pigott also argues that his sentence should be limited to the 27.5 grams of pure drug because a recent Sentencing Commission report calls into question the constitutionality of the disparity in penalties for offenses involving cocaine base and cocaine powder.  Pigott has filed a motion to supplement the record with the executive summary of the Sentencing Commission's report.  We have previously rejected equal protection, Eighth Amendment, and due process challenges to the disparate sentencing provisions, however.  See United States v. Wilson, 105 F.3d 219, 222 (5th Cir. 1997).  Absent an overriding Supreme Court decision, a change in statutory law, or an en banc decision of this court, we are bound by our prior precedent.  See United States v. Zuniga-Salinas, 952 F.2d 876, 877 (5th Cir. 1992)(en banc).

The district court's judgment is AFFIRMED.  The motion to supplement the record is DENIED.