# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-50583
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAVIER HERNANDEZ, also known as Javy,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:06-CR-52-2

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Javier Hernandez was indicted along with eight others for conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(A), and 846. Hernandez was also charged with distribution of 50 grams or more of methamphetamine, in violation of §§ 841(a)(1) and 841(b)(1)(B); and using a communication facility, Federal Express ("FedEx"), in the distribution of 50

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

grams or more of methamphetamine, in violation of § 843(b).  After a jury trial, Hernandez was convicted of all counts as charged.  On appeal, Hernandez raises two issues for review.

First, he alleges that his trial took place outside of the seventy-day limit under the Speedy Trial Act.  The Act provides that a federal criminal trial is to begin within seventy days from the date the indictment was filed or the date the defendant appeared before an officer of the court in which the charge is pending (whichever is later).  18 U.S.C. § 3161(c)(1).  Hernandez argues that the government exceeded this seventy-day period by thirty-six days.  It is undisputed that he raises this issue for the first time on appeal.

According to the clear statutory language of the Speedy Trial Act, "[f]ailure of the defendant to move for dismissal prior to trial . . . shall constitute a waiver of the right to dismissal under this section." 18 U.S.C. § 3162(a)(2).  This Court has consistently recognized the failure to move in the district court for a dismissal under the Speedy Trial Act as a procedural bar to appellate review.  See United States v. Westerbrook, 119 F.3d 1176, 1186 (5th Cir. 1997) (noting that "[t]he Speedy Trial Act provides no exception to this waiver provision, and we may not read one in."); see also United States v. McElhaney, 469 F.3d 382, 386 (5th Cir. 2006) (finding waiver where defendant raised violation of the Speedy Trial Act for the first time on appeal); United States v. Hernandez, 457 F.3d 416, 420 (5th Cir. 2006) (finding waiver under the Speedy Trial Act where defendants failed to move for dismissal before trial).  Because Hernandez raises a violation of the Speedy Trial Act for the first time on appeal, he has waived any right to appellate review of this claim.

Second, Hernandez contends that the evidence presented at his trial was insufficient to support a finding of guilt on the conspiracy count.

During Hernandez's trial, James Button, one of the co-conspirators testified that from September of 2005 to March of 2006, he and his partners

obtained, transported, and distributed over 500 grams of methamphetamine. He testified that he was introduced to Hernandez by his daughter and that after a phone conversation, he and Hernandez arranged to meet in Mesa, Arizona. At the first meeting, in December 2005, Button purchased two ounces of methamphetamine from Hernandez. Thereafter, he purchased methamphetamine from Hernandez on at least seven other occasions. The Government played recorded conversations between Button and Hernandez for the jury. In these recordings, the two negotiated future drug deals and wire transfers. Button also testified that after he realized that he was under investigation, he sought permission from Hernandez to pass him on as a source to Michelle Rush. Rush testified that she accompanied Button on a trip to Arizona to "party" and "meet" Hernandez. She testified that Hernandez gave her his phone numbers when they met.

The Government also put on evidence that Hernandez mailed methamphetamine to Button using FedEx. A detective testified at Hernandez's trial that as a result of plans made between Button and Hernandez, he intercepted a FedEx package from Mesa, Arizona that contained 51.4 grams of twelve percent methamphetamine. Finally, Angela Trout, Button's stepdaughter, testified that she met Hernandez on at least two occasions when she accompanied Button to Arizona to obtain methamphetamine.

In support of his contention, Hernandez does not dispute any of the evidence pointing toward his involvement in the conspiracy. Rather, citing this Court's opinion in United States v. Zuniga-Salinas, 952 F.2d 876 (5th Cir. 1992) (en banc), Hernandez contends that the evidence did not establish that one of his co-conspirators was guilty, and accordingly, Hernandez himself could not be found guilty. Stated differently, Hernandez contends that where the evidence is insufficient against one alleged co-conspirator, the evidence is necessarily

insufficient against all other co-conspirators. This argument is completely without merit.

Hernandez's reliance on Zuniga-Salinas is misplaced. In that case, this Court considered whether a verdict convicting one defendant of conspiracy must be set aside where the sole alleged co-conspirator is acquitted of conspiracy in the same trial. 952 F.2d at 877. This Court very broadly held that an inconsistent verdict is not a bar to conviction even where all other co-conspirators are acquitted, id. at 878, overturning previous Circuit precedent to the contrary, id at 877-79. The Court explained that the inconsistency could be explained by leniency, mistake, or compromise by the jury. Id. at 878 (citation omitted). Thus, rather than providing support for Hernandez's position, Zuniga-Salinas stands for the proposition that the acquittal of an alleged co-conspirator cannot negate the conviction of another.[1]

Thus, the only question remaining is whether the evidence against Hernandez was sufficient to support the jury's guilty verdict. When reviewing for sufficiency of evidence, we view the evidence and all inferences drawn therefrom in the light most favorable to the verdict. United States v. Mitchell, 484 F.3d 762, 768 (5th Cir. 2007). The standard is whether a rational jury could have found the defendant guilty beyond a reasonable doubt. Id. To demonstrate the offense of conspiracy to distribute a controlled substance, the government must prove that: (1) the existence of an agreement between two or more persons to violate narcotics laws; (2) the defendant's knowledge of the conspiracy; and (3) the defendant's voluntary participation in the conspiracy. United States v.

---

[1] Notably, because the other alleged co-conspirators were tried in a sealed proceeding, it is unclear whether the alleged co-conspirator to whom Hernandez refers was or was not convicted of conspiracy. However, under Zuniga-Salinas, the resolution of this question is irrelevant.

Fuchs, 467 F.3d 889, 908 (5th Cir. 2006)(citing United States v. Arnold, 416 F.3d 349, 358-59 (5th Cir. 2005).

As noted above, Hernandez does not challenge any evidence showing that he was involved in the alleged conspiracy. In addition, upon review of the record, we conclude that an agreement existed between two or more persons to violate narcotics laws, Hernandez was aware of the conspiracy, and he voluntarily participated in it. Button testified that Hernandez was one of his suppliers, and that he purchased methamphetamine from him on several occasions. The Government introduced into evidence and played for the jury recorded conversations between Button and Hernandez where the two discussed drug deals and made payment arrangements. Moreover, Hernandez expressed willingness to supply another individual with methamphetamine after Button told him that he was under investigation. Thus, the evidence was sufficient for a rational jury to find Hernandez guilty of conspiracy beyond a reasonable doubt. Accordingly, we AFFIRM.