# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2010

Lyle W. Cayce
Clerk

No. 09-20601
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EUGENE MORRIS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-442-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Eugene Morris, a former prison guard was convicted by a jury of submitting a false Use of Force Report (count 2), in violation of 18 U.S.C. § 1519. Morris was acquitted of violating an inmate's constitutional right to be free of cruel and unusual punishment (count 1) and of persuading another person to make a false statement (count 3). In this appeal, Morris contends that the district court erred in denying his motion for a judgment of acquittal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Morris contends that he did not violate § 1519 because there was no ongoing federal investigation at the time he submitted the Use of Force Report. Because this issue was not asserted in the district court, our review is for plain error. To show plain error, Morris must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If Morris makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Morris cites no authority for the proposition that conviction under § 1519 requires proof of an ongoing federal investigation. Instead, he contends that such proof is required under the language of the statute. As the Government notes, every court to have considered the issue has rejected the argument advanced by Morris. *See United States v. Lanham*, 617 F.3d 873, 887 (6th Cir. 2010); *United States v. Hunt*, 526 F.3d 739, 743-44 (11th Cir. 2008); *see also* Note, *Anticipatory Obstruction of Justice: Pre-Emptive Document Destruction under the Sarbanes-Oxley Anti-Shredding Statute*, 18 U.S.C. § 1519, 89 CORNELL L. REV. 1519, 1560-61 (2004). Morris has not shown that the district court plainly erred in failing to acquit him on the ground that the Government had not shown that his obstructive conduct occurred in relation to an ongoing federal investigation. *See Puckett*, 129 S. Ct. at 1429.

Morris contends also that the jury verdicts were inconsistent, as his codefendant, Tracy Jewett, was charged with the same offense, but was acquitted. Because it was not asserted below, we review this contention for plain error. *See Puckett*, 129 S. Ct. at 1428-29. Even if we assume that the verdicts were inconsistent, such inconsistency does not bar a conviction as long as there is sufficient evidence to support the jury's verdict. *United States v. Geiger*, 190 F.3d 661, 664 (5th Cir. 1999); *see also United States v. Zuniga-Salinas*, 952 F.2d 876, 877-78 (5th Cir. 1992) (en banc) (coconspirator's acquittal may have resulted from leniency, mistake, or compromise by the jury). Because the

evidence supporting his conviction was sufficient, Morris has not shown that the district court committed an error, plain or otherwise, by denying his motion for a judgment of acquittal on the ground that the jury returned inconsistent verdicts. *See Puckett*, 129 S. Ct. at 1429; *see also United States v. Montes*, 602 F.3d 381, 388 (5th Cir.) (reciting sufficiency standard), *cert. denied*, 2010 WL 2345392 (2010) (No. 09-11318).  The judgment is AFFIRMED.