# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2012

No. 11-60696
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT A. DAVIS, III, also known as Robert Arthur Davis, III, also known as Robert A. Davis, also known as Robert Davis, also known as Robert Lee Davis,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:11-CR-7-1

Before DAVIS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Robert A. Davis, III, pleaded guilty, pursuant to a conditional guilty plea, to failure to register as a convicted sex offender in violation of the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250(a), reserving his right to appeal the challenges to SORNA made in his motion to dismiss the indictment. The district court sentenced Davis to 37 months in prison to be followed by a life term of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60696

On appeal, Davis argues that (1) he was never advised of the registration requirements of SORNA, as required by 42 U.S.C. §16917, in violation of the Due Process Clause; (2) the retroactive application of SORNA violates the Ex Post Facto Clause; (3) SORNA violates the Tenth Amendment by requiring state officials to administer federal law; (4) Congress violated the non-delegation doctrine by giving the Attorney General the power to decide whether SORNA applied retroactively; (5) SORNA's registration requirement violates the Commerce Clause by making failure to register a federal crime; (6) regulations issued by the Attorney General were given without notice and comment in violation of the Administrative Procedures Act (APA); and (7) SORNA does not apply to him because Mississippi has not yet adopted it.

Davis's complaints as to the notice and APA deficiencies, as well as his reliance on the holding in *Reynolds v. United States*, 132 S. Ct. 975 (2012), are unavailing as he traveled in interstate commerce after the final regulations were issued, which were published with proper notice and comment rulemaking. *See* 73 Fed. Reg. 38031-01. His remaining claims are foreclosed by our opinion in *United States v. Johnson*, 632 F.3d 912 (5th Cir.), *cert. denied*, 132 S. Ct. 135 (2011). Davis asks us to reconsider the rulings in *Johnson*, and alternatively, he presents these issues to preserve them for further appellate review. This panel may not reconsider the court's precedent absent an overriding Supreme Court decision, a change in statutory law, or en banc consideration. *See United States v. Zuniga-Salinas*, 952 F.2d 876, 877 (5th Cir. 1992) (en banc). Accordingly, the judgment of the district court is AFFIRMED.