# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 24, 2013

Lyle W. Cayce
Clerk

No. 12-60912
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

J.D. BELL,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi
No. 1:11-CR-124-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

J.D. Bell pleaded guilty, pursuant to a conditional guilty plea, to failure to register as a convicted sex offender in violation of the Sex Offender Registra-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tion and Notification Act ("SORNA"), 18 U.S.C. § 2250(a), reserving his right to appeal the challenges to SORNA made in his motion to dismiss the indictment. The district court sentenced Bell to twenty-four months in prison and ten years' supervised release.

Bell argues that the district court erred when it denied his motion to dismiss the indictment. He contends that the Attorney General's 2007 interim rule, which made SORNA retroactively applicable to pre-SORNA offenders, such as himself, was not validly promulgated because of certain Administrative Procedure Act ("APA") violations, and, thus, SORNA was not applicable to him. In support, Bell asserts that *Reynolds v. United States*, 132 S. Ct. 975 (2012), overruled *United States v. Johnson*, 632 F.3d 912 (5th Cir. 2011). In the alternative, Bell argues that, in light of *Reynolds*, this court should reconsider *Johnson*.

Bell's complaints as to the APA and his reliance on *Reynolds* are unavailing. Bell's SORNA violations occurred in 2011, after the 2008 effective date of the Attorney General's final regulations applying SORNA to pre-SORNA offenders. 73 Fed. Reg. 38,030, 38,063. Those final regulations were not under scrutiny in *Reynolds* or *Johnson*, and, on appeal, Bell does not challenge the validity of those regulations. Furthermore, the Attorney General's final regulations "were published with proper notice and comment rulemaking." *United States v. Davis*, 471 F. App'x 363, 364 (5th Cir.) (per curiam), *cert. denied, 1*33 S. Ct. 493 (2012). As for Bell's request that we revisit *Johnson*, this panel may not reconsider the court's precedent absent an overriding Supreme Court decision, a change in statutory law, or en banc consideration. *See United States v. Zuniga-Salinas*, 952 F.2d 876, 877 (5th Cir. 1992) (en banc).

Accordingly, the judgment is AFFIRMED.