UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 93-7224
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                   Plaintiff-Appellee,
                                   Cross-Appellant,

                   versus

NAM TAN NGUYEN,

                                   Defendant-Appellant,
                                   Cross-Appellee.

_____

Appeals from the United States District Court for the
            Southern District of Mississippi
_____

(August 2, 1994)


Before GARWOOD, SMITH and DeMOSS, Circuit Judges.

GARWOOD, Circuit Judge:

     Defendant-appellant Nam Tan Nguyen (Nguyen) was convicted of
one count of using fire to commit a felony, in violation of 18
U.S.C. § 844(h)(1), and of one count of attempting to destroy a
building by fire, in violation of 18 U.S.C. § 844(i).  On appeal,
Nguyen argues that the evidence is insufficient to support his
convictions.  Nguyen also contends that the district court
committed reversible error in (1) failing to dismiss an allegedly
multiplicitous third count of which he was ultimately acquitted,

(2) denying his motion for a mistrial, and (3) giving an *Allen* charge after the jury had revealed its numerical division. The government cross-appeals, asserting that the district court erred by refusing to sentence Nguyen for one of the counts on which he was convicted. We affirm in part and vacate and remand in part.

## Facts and Proceedings Below

In 1988, Nguyen opened a store in Biloxi, Mississippi, which provided for rental video tapes dubbed into the Vietnamese language. On January 19, 1990, Nguyen's store was destroyed by arson. On July 7, 1992, a grand jury handed down a three-count indictment charging Nguyen with (1) knowingly and unlawfully using fire to commit a felony, to wit: mail fraud, which may be prosecuted in a court of the United States, in violation of 18 U.S.C. § 844(h)(1) (Count One); (2) maliciously damaging and destroying and attempting to destroy a building used in interstate commerce, in violation of 18 U.S.C. § 844(i) (Count Two); and (3) for the purpose of attempting to execute a scheme and artifice to defraud, and by means of fraud to obtain money through the use of the United States Postal Service, knowingly caused to be deposited in the mail a proof of loss form, in violation of 18 U.S.C. § 1341 (Count Three).

On March 23, 1993, Nguyen filed a motion in the trial court asserting that Counts One and Three were multiplicitous and requesting that the court dismiss Count One or, in the alternative, require the government to elect between Count One and Count Three. The court denied the motion on the first day of trial, March 29, 1993. On April 1, 1993, a jury found Nguyen guilty on Counts One

2

and Two, but acquitted him on Count Three.  The district court sentenced Nguyen to a term of imprisonment of sixty months on Count One, followed by a three-year term of supervised release.  The court, however, declined to impose a sentence for Nguyen's conviction on Count Two.

Nguyen now appeals his convictions; the government cross-appeals the district court's refusal to impose sentence on Count Two.

## Discussion

I.  Sufficiency of the Evidence

In reviewing challenges to sufficiency of the evidence, this Court views the evidence in the light most favorable to the verdict and affirms if a rational trier of fact could have found that the government proved all essential elements of the offense beyond a reasonable doubt.  *See Jackson v. Virginia*, 99 S.Ct. 2781, 2786 (1979); *see also United States v. Ruiz*, 987 F.2d 243, 249 (5th Cir.), *cert. denied*, 114 S.Ct. 163 (1993).  All credibility determinations and reasonable inferences are to be resolved in favor of the jury's verdict.  *Ruiz*, 987 F.2d at 249.  Where two or more counts are tried at the same time and the offense charged in one count is the predicate act charged in a second count, acquittal on the predicate count does not preclude a conviction on the second count if a rational jury could have found the defendant guilty of the predicate act.  *See United States v. Munoz-Fabela*, 896 F.2d 908, 911 (5th Cir.), *cert. denied*, 111 S.Ct. 76 (1990) (concluding that "it is only the fact of the offense, and not a conviction, that is needed to establish the required predicate").  Indeed, a

3

not guilty verdict on one count does not establish any facts favorable to the defense for the purpose of determining the sufficiency of the evidence on the counts of conviction (except if convictionSQas opposed to commissionSQof an acquitted count is an element of a count of conviction). *See United States v. Powell*, 105 S.Ct. 471 (1984); *United States v. Thomas*, 12 F.3d 1350, 1362-63 (5th Cir. 1994); *United States v. Ruiz*, 986 F.2d 905, 911 (5th Cir. 1993).

Nguyen was convicted of violating 18 U.S.C. § 844(i) and 18 U.S.C. § 844(h)(1). We review the evidence supporting each conviction separately.

A.   Section 844(i)

To convict a defendant of violating 18 U.S.C. § 844(i), the government must prove that he:  (1) maliciously damaged or destroyed a building or personal property, (2) by means of fire, and (3) the building or personal property was being used in activity affecting interstate commerce. *See United States v. Triplett*, 922 F.2d 1174, 1177 (5th Cir.), *cert denied*, 111 S.Ct. 2245 (1991).

At trial, the government presented evidence that established that the business operated by Nguyen in the building in question was involved in interstate commerce, purchasing and renting videotapes from California. Sufficiency of the evidence as to the interstate commerce element of section 844(i) is not challenged. An ATF financial auditor testified that his review of Nguyen's financial records indicated that in December 1989, one month before the fire, the business was in "total financial collapse." Linh Vu,

4

Nguyen's insurance agent, testified that on the day before the fire, January 18, 1990, Nguyen went to the insurance agency to make an outstanding premium payment and questioned Vu about the extent of the fire insurance coverage on Nguyen's store.

The government also presented testimony from Charry Kent, an employee of a poolhall located next to Nguyen's, that between 4:00 and 6:00 p.m. on January 18, 1990, Nguyen removed VCRs and boxes containing new clothing from his store. She further testified that she saw Nguyen put the merchandise in his car and drive away; he later returned, loaded more boxes into his car, and drove away. Kent saw Nguyen reload his car and remove boxes a total of three or four times, after which she saw him enter the store and remain there. Kent also testified that at approximately 7:00 p.m., she entered Nguyen's store and "it looked bare." The owner of the poolhall, Muoi Lai, also testified that when she entered Nguyen's business on the evening of January 18, 1990, the store "seemed empty."

On January 19, 1990, Nguyen's store was destroyed by fire. Although Nguyen's store was equipped with a fire alarm, no alarm sounded on the night of the fire. The government presented testimony from Riley Sanders, a former employee of ATS security systems who installed the alarm system in Nguyen's store, that Nguyen was the only person given the code to arm or deactivate the system.[1] Sanders also testified that had the alarm been turned on, it would have detected the fire and notified the Biloxi Fire

---

[1] Nguyen confirmed that he was the only person who knew the alarm code.

5

Department.

Nguyen stipulated that the fire was the result of arson. Rodger Shanks (Shanks), an arson investigator for the ATF, testified that the fire appeared to be an arson for profit. Shanks also testified that there had been no forced entry into the store, and that the doors of the store were closed and locked at the time the fire began.

Based on the evidence outlined above, a rational jury could determine beyond a reasonable doubt that Nguyen intentionally started the fire that burned his store, and that the store's operation affected interstate commerce. Our review of the record, therefore, indicates that sufficient evidence exists to affirm Nguyen's conviction for arson, in violation of 18 U.S.C. § 844(h)(1).

B.   Section 844(h)(1)

To secure a conviction under section 844(h)(1), the government must prove that the defendant (1) used fire (2) to commit a "felony which may be prosecuted in a court of the United States." 18 U.S.C. § 844(h)(1). In order to find the evidence sufficient for a conviction under section 844(h)(1), we must be satisfied with the evidence of the underlying felony, in this case mail fraud under 18 U.S.C. § 1341. To establish the essential elements of section 1341 mail fraud, the government must show that the defendant (1) used a scheme to defraud, (2) which involved a use of the mails, (3) and that the mails were used for the purpose of executing the scheme. *United States v. Pazos*, 1994 WL 260997, *5 (5th Cir. 1994) (citing *United States v. Kent*, 608 F.2d 542, 545 (5th Cir. 1979), *cert.*

6

*denied*, 100 S.Ct. 2153 (1980)).  Since we have already concluded that the government presented ample evidence of Nguyen's arson, the only question is whether the evidence is sufficient to establish that Nguyen committed mail fraud under section 1341.

The facts relevant to whether Nguyen committed mail fraud are as follows.  First, as noted above, on January 18, 1994, Nguyen questioned his insurance agent about the extent of his fire insurance coverage.  After the fire, Nguyen's insurance carrier, CIGNA, mailed him a sworn proof of loss form.  Nguyen mailed the form back to CIGNA, claiming an inventory loss of $93,377.  Thereafter, CIGNA investigated Nguyen's claim and determined the inventory loss to be approximately $33,400.

From these facts, a reasonable jury could have concluded rationally that Nguyen used the mails to execute a scheme to defraud CIGNA by burning his store to collect the proceeds of his fire insurance and using the mail to file a proof of loss statement that was inflated by almost $60,000.  And, although the jury in this case acquitted Nguyen on the count charging a violation of section 1341, the evidence was sufficient to support a conviction for mail fraud.  *See Ruiz*, 986 F.2d at 911.  Because Nguyen used fire to commit the mail fraud, we conclude that the evidence was sufficient to support Nguyen's conviction for the use of fire to commit a federal felony under 18 U.S.C. § 844(h)(1).

II.  Multiplicity

Next, Nguyen argues that the district court erred in denying his pre-trial motion to require the government to elect between Count One and Count Three.  Nguyen contends that indictment was

7

multiplicitous because the "allegations of the indictment related to the charged behavior in Counts Two and Three include all of the acts and conduct alleged in Count One."

"Multiplicity" is charging a single offense in more than one count in an indictment. "The chief danger raised by a multiplicitous indictment is the possibility that the defendant will receive more than one sentence for a single offense." *United States v. Swaim*, 757 F.2d 1530, 1537 (5th Cir.), *cert. denied*, 106 S.Ct. 81 (1985). The test for determining whether the same act or transaction constitutes two offenses or only one is whether conviction under each statutory provision requires proof of an additional fact which the other does not. *United States v. Free*, 574 F.2d 1221, 1224 (5th Cir.), *cert. denied*, 99 S.Ct. 209 (1978). Moreover, "'[w]hether a continuous transaction results in the commission of but a single offense or separate offenses . . . is determined by whether separate and distinct prohibited acts, made punishable by law, have been committed.'" *United States v. Shaid*, 730 F.2d 225, 231 (5th Cir.), *cert. denied*, 105 S.Ct. 151 (1984) (quoting *Bins v. United States*, 331 F.2d 390, 393 (5th Cir.), *cert. denied*, 85 S.Ct. 149 (1964)). "An offense is separate and distinct when conviction under one count requires proof of an additional fact that the other count does not require." *United States v. Guzman*, 781 F.2d 428, 432 (5th Cir.) (per curiam), *cert. denied*, 106 S.Ct. 1798 (1986) (citations omitted). We review issues of multiplicity *de novo*. *See, e.g., United States v. Brechtel*, 997 F.2d 1108, 1112 (5th Cir.) (per curiam), *cert. denied*, 114 S.Ct. 605 (1993).

8

Nguyen's multiplicity argument appears to be that the elements of the offenses charged in Counts Two and Three are the essential elements of the offense charged in Count One. However, even assuming *arguendo* that the district court erred in denying Nguyen's motion to elect between Counts One and Three, because Nguyen was acquitted on Count Three, no harm resulted. The danger of a multiplicitous indictmentSQ*i.e.*, that the defendant will receive more than one sentence for a single offenseSQwas eliminated by the jury in this case. *Swaim*, 757 F.2d at 1537. Moreover, the counts under which Nguyen was convicted were separate and distinct because "conviction under one count requires proof of an additional fact that the other count does not require." *See Guzman*, 781 F.2d at 432. Section 844(h)(1) requires proof of the commission of any felony (in this case mail fraud) "which may be prosecuted in a court of the United States," something not required by Section 844(i). Section 844(i) requires proof that the damaged building was involved in interstate commerce, something not required by Section 844(h)(1). *See United States v. Fiore*, 821 F.2d 127, 130-31 (2d Cir. 1987). Hence, we conclude that the district court did not commit reversible error in denying Nguyen's claim of multiplicity.

III. Denial of the Motion for Mistrial

Nguyen contends that the district court erred in denying his motion for a mistrial after one of the government's witnesses made an allegedly prejudicial statement. During direct examination, ATF Agent Shanks testified about a threatening letter which had been provided to him by the Biloxi Police Department. The letter had

9

been delivered to the Biloxi Police Department by Nguyen, who claimed to have received it in April 1989. Shanks was given a copy of the letter on January 12, 1990. During cross-examination, Nguyen's counsel questioned Shanks about why he was shown the letter before the fire:

> "Q [Nguyen's counsel]: So you had started this investigation before there was a fire?
>
> A [Shanks]: No. This was in regards to another investigation.
>
> Q: What was that investigation?
>
> A: It was another man who had a fire, and it was believed that possibly Nam NguyenSQNam Nguyen was a suspect at that time in that fire.

After Shanks' response indicating that Nguyen had been a suspect in another arson investigation, Nguyen's counsel moved for a mistrial. The trial court addressed the issue outside of the presence of the jury and denied the motion. The court concluded that Shanks' answer was simply a "candid response to a direct question [Nguyen's counsel] asked him." The court then brought the jury back into the courtroom and instructed them as follows:

> "Ladies and gentlemen of the jury, your responsibilities in this case will be to determine whether the government proves to you by credible evidence beyond a reasonable doubt that the defendant did that with which he is charged as having done in the indictment of this case. We're not trying any other incident at any other time. And, consequently, the last response that the defendant in this case, Mr. Nam Nguyen, was a suspect in another arson case will be disregarded by you.
>
> "But in fairness, let me say that in your absence, I went inSQwent over with this witness the situation regarding the other case, and it involved a fire with a competitor of this defendant that occurred more than some [sic] year before this one did. And even though they were investigating every lead, there was no credible evidenceSQthe Court cannot find really any basis for even

10

thinking seriously that the defendant in this case was involved in the other case. It was just simply a matter of pursuing every lead. I say that in theSQon the possibility that even though I've told you to disregard that statementSQit's not really relevant. You shouldn't consider it. In case you might have thought that indicated something, I'm telling you it should not because there was really no basis for feeling that he was guilty of another arson."

Without waiving his objection to the denial of his motion for mistrial, Nguyen stated that he had no objection to the court's instruction.

A prejudicial remark may be rendered harmless by curative instructions to the jury. *United States v. Lichenstein*, 610 F.2d 1272 (5th Cir.), *cert. denied*, 100 S.Ct. 2991 (1980). We also give considerable weight to the trial judge's assessment of the prejudicial effect of the remark. *United States v. Blevins*, 555 F.2d 1236 (5th Cir.), *cert. denied*, 98 S.Ct. 733 (1978). In the instant case, assuming that Shanks' statement was prejudicial, the district court "issued a prompt and strong curative instruction to the jury." *United States v. Nickerson*, 669 F.2d 1016, 1020 (5th Cir. Unit B 1982). The court believed that this instruction cured the error. In our review of the record, we are unable to conclude that the court was incorrect. We also note, as did the district court, that the defense essentially brought the matter on itself. We hold that the district court did not err by denying Nguyen's motion for mistrial.

IV. *Allen* Charge

Nguyen's final argument on appeal is that the district court erred in giving an *Allen* charge after the jurors had revealed their numerical division. *See Allen v. United States*, 164 U.S. 492

11

(1896).  On the final day of trial, after the jury deliberated for approximately four hours, the court advised the parties that it had received a note from the jury stating that they were hung.  The court also informed the parties that the note revealed the numerical division of the jury.[2]  The court sealed the jurors' note and inquired whether either party objected to the giving of a modified *Allen* charge; neither party objected.[3]  The court then recalled the jury and gave the Fifth Circuit Pattern *Allen* charge.[4]

---

[2]     During its main charge to the jury, the court had instructed "Bear in mind that you are never to reveal to any person, not even to the Court, how the jury stands numerically or otherwise on any count of the indictment until after you have reached a unanimous verdict."

[3]     Defense counsel responded to the court's inquiry by stating: "No objections from the defense, Your Honor, and no additional instructions requested."

[4]     The court charged the jury as follows:

   "Members of the jury, I received your note.  I'm going to ask that you continue your deliberations in an effort to agree upon a verdict and dispose of this case.  And I have a few additional comments I would like for you to consider as you do so.  This is an important case.  The trial has been expensive in time, effort and money to both the defense and the prosecution.  If you should fail to agree on a verdict, the case is left open and it must be tried again.  Obviously, another trial would only serve to increase the cost to both sides.  There is no reason to believe that the case can be tried again by either side better or more exhaustively than it was tried before you.  Any future jury must be selected in the same manner and from the same source as you were chosen.  There is no reason to believe that the case could ever be submitted to 12 men and women more conscientious, more impartial or more competent to decide it or that more or clearer evidence could be produced.

   "If a substantial majority of your number are for a conviction, each dissenting juror ought to consider whether a doubt in his own mind is a reasonable one since it appears to make no effective impression upon

12

Within an hour after the court gave the modified *Allen* charge, the jury returned their verdict.

Because Nguyen failed to object toSQindeed affirmatively acquiesced inSQthe court's giving of the modified *Allen* charge, we review his belated complaint for plain error only.

The charge given by the district court is essentially the same as the charge this Court has repeatedly upheld, approving both its language and its use. *United States v. Gordon*, 780 F.2d 1165, 1177 (5th Cir. 1986) (multiple citations omitted). We have also stated

---

the minds of the others. On the other hand, if a majority or even a lesser number of you are for acquittal, the other jurors ought seriously to ask themselves again most thoughtfully whether they do not have a reason to doubt the correctness of the judgment which is not shared by several of their fellow jurors and whether they should distrust the weight and sufficiency of evidence which fails to convince several of their fellow jurors beyond a reasonable doubt.

"Remember at all times that no juror is expected to yield a conscientious conviction he or she may have as to the weight or effect of the evidence. But remember also, after full deliberation and consideration of the evidence in the case, it is your duty to agree upon a verdict if you can do so without surrendering your conscientious convictions. You must also remember that if the evidence in the case fails to establish guilt beyond a reasonable doubt, the accused should have a unanimous verdict of not guilty.

"You may be as leisurely in your deliberations as the occasion may require and should take all the time that you may feel is necessary. I will ask now that you retire once again to continue your deliberations with these additional comments in mind to be applied, of course, in conjunction with all instructions I have previously given to you. I remind you again that you have to read all the instructions that I have previously given you and this instruction all together. You're not to single out any one. And I would also remind you that I specifically directed that you wouldn't reveal your divisionSQnumerical division if there is one at any time, not even to the Court."

13

that the trial court "is vested with broad discretion to evaluate whether an *Allen* charge is likely to coerce a jury into returning a verdict it would not otherwise return." *Id*. (citing *United States v. Nichols*, 750 F.2d 1260, 1266 (5th Cir. 1985)). Moreover, "[t]he fact that the jury contrary to the instructions of the court volunteered to the court the extent of their division and which way they stood is no reason why the court should be precluded from giving an otherwise proper *Allen* charge." *Sanders v. United States*, 415 F.2d 621, 631-32 (5th Cir. 1969), *cert denied*, 90 S.Ct. 1096 (1970) (citation omitted).

Here, the court concluded that the charge was appropriate, and neither party objected to the court's conclusion. In the context of this case, we discern no evidence of a coercive atmosphere sufficient to justify reversal. The trial court's instructions, taken as a whole, did not place undue pressure on the jurors. The district court reminded the jurors that the modified *Allen* charge formed only a small part of the total body of instructions, the rest of which Nguyen does not challenge. And, although the court stressed the importance of reaching a verdict in its final charge, it tempered the remarks with reminders that each juror should remain true to his own conscience. Hence, we find no plain error in the court's giving of the modified *Allen* charge.

V.   Refusal to Sentence

In its cross-appeal, the government argues that the district court erred in failing to impose a sentence on Nguyen for his conviction on Count Two. As noted by Nguyen's presentence investigation report, Nguyen's offense level and criminal history

14

category dictate a Sentencing Guideline range of thirty-three to forty-one months for his conviction on Count Two, with a statutory maximum sentence of ten years. 18 U.S.C. § 844(i). Conviction on Count One carries with it a statutory minimum sentence of five years consecutive to "any other term of imprisonment." 18 U.S.C. § 844(h)(1). The court refused to sentence Nguyen for Count Two because the court concluded that neither Congress nor the Sentencing Commission intended that a defendant be consecutively sentenced where conviction for two separate counts was based on the same illegal conduct. Our review of this matter is *de novo*. *United States v. Thomas*, 963 F.2d 63, 64 (5th Cir. 1992).

Congress is free to prescribe multiple punishments for the same conduct. *Albernaz v. United States*, 101 S.Ct. 1137, 1145 (1981). To determine whether Congress intended that two statutory offenses be punished cumulatively, we apply the test set forth in *Blockburger v. United States*, 52 S.Ct. 180, 182 (1932): The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. *See Albernaz*, 101 S.Ct. at 1141; Whalen v. United States, 100 S.Ct. 1432, 1437 (1980). "'If each [offense] requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes.'" *Brown v. Ohio*, 97 S.Ct. 2221, 2226 (1977) (quoting *Iannelli v. United States*, 95 S.Ct. 1284, 1293 n. 17 (1975)).

The two statutes under which Nguyen was sentenced satisfy the *Blockburger* test. As noted in part II, *supra*, section 844(h) requires proof of the commission of a separate "felony which may be prosecuted in a court of the United States" (in this case, mail fraud), an element not required by section 844(i). Section 844(i) requires proof of damaging or attempting to damage "property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce," an element not required by section 844(h). Finally, nothing in the legislative history of section 844 discloses an intent contrary to the *Blockburger* presumption. *See Albernaz*, 101 S.Ct. at 1143; *United States v. Karlic*, 997 F.2d 564, 571 (9th Cir. 1993); *United States v. Fiore*, 821 F.2d 127, 131-32 (2nd Cir. 1987). Thus, Nguyen's consecutive sentences under these sections did not constitute double jeopardy.

Our conclusion is in accord with the Second Circuit's decision in *Fiore*, in which the defendant burned down his business in an attempt to commit mail fraud against his insurance company. Applying the *Blockburger* test, the appeals court held that the indictment charging violations of sections 844(h) and (i) was not multiplicitous because Congress intended to authorize multiple punishments. *Fiore*, 821 F.2d at 130-31. Hence, the district court erred in refusing to sentence Nguyen for his conviction on Count Two. We therefore remand to the district court for resentencing in accordance with this opinion.

Nguyen argues, however, that *United States v. Chaney*, 559 F.2d 1094, 1096 (7th Cir. 1977), suggests a different result. In that case, the court held that an indictment charging violations of

sections 844(h) and (i) was multiplicitous under the *Blockburger* test. We find *Chaney* factually inapposite. The defendant in *Chaney* was also charged with violations of sections 844(h) and (i); however, the predicate "felony" for the section 844(h) offense was the section 844(i) offense itself. As the court noted, "the charges in both counts are *identical*." *Id*. (emphasis added). In *Chaney*, "the evidence necessary to prove the offense charged under Count I [18 U.S.C. § 844(i)] would prove the offense charged under Count III [18 U.S.C. § 844(h)(1)], and vice versa." *Id*. In the instant case, by contrast, Nguyen was charged with a felony violation of 18 U.S.C. § 1341, mail fraud. Proof of the commission of that felony was required for the section 844(h) offense but not for the section 844(i) offense. The *Blockburger* test is therefore satisfied.

## Conclusion

For the reasons stated above, we reject Nguyen's arguments on appeal and AFFIRM his conviction. With regard to Nguyen's sentence, we conclude that the district court erred in refusing to sentence Nguyen for violation of 18 U.S.C. § 844(i); accordingly, we VACATE his sentence and REMAND for resentencing consistent herewith.