**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-40247
(Summary Calendar)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANTOS LERMA-OLIVARES,

Defendant-Appellant.

.

Appeal from the United States District Court
for the Southern District of Texas
(B-95-CR-224-1)

November 22, 1996

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Santos Lerma-Olivares ("Lerma-Olivares") appeals his jury convictions for importation and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841 (b)(1)(B) and 960 (b)(1). He argues that the evidence was insufficient to show that he knew of the presence of the cocaine. We review a challenge to the sufficiency of the evidence by viewing the evidence in the light most favorable to the verdict. Jackson v. Virginia, 443 U.S. 307, 319 (1979). We affirm if a rational trier

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

of fact could have found all the essential elements of the crime beyond a reasonable doubt. Id. All credibility determinations and reasonable inferences are to be resolved in favor of the jury's verdict. U.S. v. Nguyen, 28 F.3d 477, 480 (5th Cir. 1994). Based on the evidence adduced at trial, the jury was entitled to disbelieve Lerma-Olivares' entire story based on the numerous inconsistencies in his testimony. Moreover, there was sufficient circumstantial evidence adduced to show that he knew of the presence of the cocaine. Therefore, we hold that a rational jury could have found beyond a reasonable doubt that Lerma-Olivares possessed the requisite knowledge to be convicted.

Lerma-Olivares also argues that a question by the prosecutor regarding his defense counsel deprived him of due process and his right to counsel. Lerma-Olivares' objection to the question was immediately sustained with little or no prejudicial effect. See United States v. Crooks, 83 F.3d 103, 107 (5th Cir. 1996).

AFFIRMED.