IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60098
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MELVIN JEROME RUSSELL,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:98-CR-76-ALL-BN
--------------------

September 3, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Melvin Jerome Russell, was indicted on a charge of carjacking (Count 1), and possession of a firearm by a felon (Count 2).  At trial, Russell and the Government stipulated that Russell had a prior felony conviction.  The jury returned a verdict of guilty with respect to carjacking and not guilty with respect to possession of a firearm by a felon.

Russell moved to suppress his confession on the grounds that it was coerced and that he was represented by counsel at the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

time. At the hearing on the motion to suppress, the district court, after hearing testimony, accepted the law enforcement officials' version of events over that of Russell, finding that no coercion took place and that Russell voluntarily signed the waiver. We will not disturb the district court's findings absent clear error. See United States v. Restrepo, 994 F.2d 173, 183 (5th Cir. 1993). Credibility determinations are within the province of the factfinder. See United States v. Pologruto, 914 F.2d 67, 70 (5th Cir. 1990). Accordingly, the district court did not clearly err in determining that the confession was voluntarily given. See id.

Russell next argues that the jury's acquittal on the "felon in possession of a firearm" count necessarily precluded a finding of guilty on the carjacking count. The indictment specifically charged Russell with taking a motor vehicle "by force and violence and by intimidation, *that is, while possessing a handgun . . . .*" Russell argues that the acquittal on Count 2 means that the jury obviously found that he did not use a handgun. Thus, Russell contends, the indictment was amended and he was convicted of a crime which was not charged in the indictment.

Russell's contention is without merit. This court has stated that "it is well established that juries are entitled to render inconsistent verdicts." United States v. Parks, 68 F.3d 860, 865 (5th Cir. 1995). A not guilty verdict on one count "'does not establish any facts favorable to the defense for the purpose of determining the sufficiency of the evidence on the

counts of conviction.'" Id. (quoting United States v. Nguyen, 28 F.3d 477, 480 (5th Cir. 1994)). See also United States v. Zuniga-Salinas, 952 F.2d 876, 878 (5th Cir. 1992) (holding that jury could convict defendant of conspiracy while acquitting sole co-defendant of conspiracy). Thus, the jury's acquittal on Count 2 cannot be read as determinative of any of the elements of Count 1.

Finally, Russell contests the district court's upward adjustment of his sentence pursuant to U.S.S.G. § 2B3.1(b)(2)(E), which provides for a three-level increase when a weapon is "brandished, displayed, or possessed" during a robbery. Russell argues that he did not "brandish" a weapon as that term is defined under the Sentencing Guidelines. He further contends that the district court erroneously stated at sentencing that Russell testified at trial that he had a hammer.

Although Russell correctly states that he did not take the stand at trial, his confession, admitted into evidence, demonstrated that he showed a hammer to McDaniel, who then fell to the ground and obeyed Russell's orders. Russell's contention that he did not brandish, i.e., wave or swing the hammer, does not alter the fact that he *possessed and displayed* it during the carjacking, satisfying the plain language of U.S.S.G. § 2B3.1(b)(2)(E).

For the foregoing reasons, the judgment of the district court is AFFIRMED.