United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 9, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

———————

No. 06-30116

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOWARD CALVIN HARRIS, JR.,

Defendant-Appellant.

———————————————————————

Appeal from the United States District Court
For the Western District of Louisiana
USDC No. 3:04-CR-30025-01

———————————————————————

Before JONES, Chief Judge, and DAVIS and GARZA, Circuit Judges.

PER CURIAM:[*]

Howard Calvin Harris, Jr. appeals the denial of his motion for mistrial. Harris argues that the district court erred in not granting a mistrial on account of a witness's prejudicial testimonial references to the fact that Harris had previously been arrested. We disagree.

Harris was stopped by Louisiana State Trooper J.C. Jordan for speeding in the early morning

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hours while driving a Tahoe on Interstate 20 in Monroe, Louisiana. A Suburban following closely behind Harris's vehicle was also stopped. Harris and the driver of the Suburban, Christopher Turner, both gave the Louisiana State Troopers driver's licenses bearing Harris's name. After a drug-sniffing canine alerted to the Suburban, a search revealed 170 pounds of marijuana concealed in the back of the vehicle. When questioned, Harris denied traveling with the Suburban. Harris, his passenger and girlfriend Kimberly Lang, and Turner were then arrested. When the Tahoe was later searched, officers found approximately 28 pounds of powder cocaine concealed inside.

At trial, Jordan testified about the events that led to the stop and occurred prior to Harris's arrest. Jordan testified that when he called to check Harris's and Lang's licenses, he was told by the dispatcher that "Harris and Lang had been arrested, but there was something wrong with the computers . . . and they could only retrieve an identification number off the printout and not actually see what the arrest was for." Harris's defense counsel objected and requested a sidebar.

During the sidebar, Harris's counsel moved for a mistrial, citing Jordan's prejudicial remark that Harris and Lang had previously been arrested. The district judge denied the motion for mistrial but offered to make a curative instruction to the jury. Harris's counsel declined. After the sidebar, Jordan repeated his remark, stating "that they had been arrested and they could only give me numbers. They couldn't tell me what the arrests were for." After the jury was dismissed for the day, Harris's counsel renewed its motion for mistrial based on both of Jordan's remarks regarding the prior arrest. The district court found that the remarks had not been elicited by the prosecution and were not sufficiently prejudicial to warrant a mistrial. The court again offered to give a curative instruction and Harris's counsel again declined.

Harris was convicted of one count of conspiracy to possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, one count of conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court sentenced Harris to 133 months incarceration and 5 years of supervised release.

On appeal, Harris argues that the district court erred in not granting a mistrial on account of Jordan's prejudicial remarks regarding Harris's prior arrest. Harris argues that the remarks unfairly prejudiced his defense that he lacked knowledge of the drugs and the conspiracy.

We review the denial of a motion for mistrial for an abuse of discretion. *United States v. Dupre*, 117 F.3d 810, 823 (5th Cir. 1997). "If the motion for mistrial involves the presentation of prejudicial testimony before a jury, a new trial is required only if there is a significant possibility that the prejudicial evidence had a substantial impact upon the jury verdict, viewed in light of the entire record." *United States v. Paul*, 142 F.3d 836, 844 (5th Cir. 1998), *cert. denied,* 525 U.S. 919, 119 S. Ct. 271, 142 L. Ed. 2d 223 (1998). Although a witness's mention of an unrelated arrest can be reversible error, *see Odom v. United States*, 377 F.2d 853, 859-860 (5th Cir. 1967), an inadvertent, non-responsive reference to a defendant's arrest is often not a basis for mistrial, *see, e.g., United States v. Leonard*, 386 F.2d 423, 425 (5th Cir. 1967); *United States v. Kidd*, 446 F.2d 1385, 1386-87 (5th Cir. 1971). We give great weight to the district court's assessment of the prejudicial effect of an objectionable remark. *See United States v. Nguyen*, 28 F.3d 477, 483 (5th Cir. 1994). Further, a prejudicial remark may be rendered harmless by a curative instruction to the jury. *Id*.

The district court determined that the remarks were inadvertent and not unduly prejudicial. Harris's counsel declined the court's offer to instruct the jury to ignore the remarks. Although certainly entitled to make this strategic choice, Harris cannot refuse the proffered cure and then lament that the ill remains. Further, at the close of the case, the district court did instruct the jury that "[t]he defendant is not on trial for any act, conduct, or offense not alleged in the indictment." We have held that an erroneous admission of a prejudicial remark may be cured by just such a general limiting instruction. *See Paul*, 142 at 844.

Finally, there is not a significant possibility that the mention of Harris's prior arrest had a substantial impact on the jury's verdict in light of the other overwhelming evidence of Harris's guilt presented at trial. Therefore, the district court did not abuse its discretion in denying Harris's motion for mistrial. *Id.*

AFFIRMED.