**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 2, 2007**

**Charles R. Fulbruge III**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

No. 05-51647

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**PHONG THINH NGUYEN, also known as John Nguyen, also known as Phong T. Nguyen,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Western District of Texas**
**(6:02-CR-105-14)**

Before JONES, Chief Judge, and WIENER and BARKSDALE, Circuit

Judges.

PER CURIAM:*

For his convictions for conspiracy to both distribute methamphetamine and commit money laundering, Phong Thinh Nguyen claims the evidence was insufficient to support the jury verdict.

**AFFIRMED.**

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

## I.

Nguyen worked in Ramirez' automobile audio shop, installing audio systems and hidden compartments in vehicles. In turn, Ramirez was involved in methamphetamine trafficking, receiving large quantities of it from Ayala. Nguyen eventually operated his own automobile audio shop, funded in large part by drug proceeds provided by Ayala and Dominguez, another narcotics trafficker.

After law-enforcement authorities became aware of Ayala's drug-trafficking activities, Nguyen was charged with: (1) conspiracy to distribute, and to possess with intent to distribute, in excess of 500 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846; and (2) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). Following trial, at which he testified, the jury found Nguyen guilty of both counts. The district court sentenced him, *inter alia*, to 120-months imprisonment for each count, to be served concurrently.

## II.

Because Nguyen properly moved for judgment of acquittal, we apply the regular standard of review: "Challenges to evidentiary sufficiency are reviewed in the light most favorable to the verdict, inquiring only whether a rational juror could have found each element of the crime proven beyond a reasonable doubt". ***United States v. Jennings***, 195 F.3d 795, 801 (5th Cir. 1999).

Credibility determinations and reasonable inferences are resolved in favor of the verdict. *United States v. Nguyen*, 28 F.3d 477, 480 (5th Cir. 1994).

## A.

To prove the charged conspiracy to distribute methamphetamine, the Government had to prove: (1) an agreement existed to violate federal narcotics laws; (2) Nguyen knew of its existence; and (3) he voluntarily participated in the conspiracy. *E.g.*, *United States v. Gonzales*, 121 F.3d 928, 935 (5th Cir. 1997). A jury may infer an agreement to violate narcotics laws from circumstantial evidence and may rely upon presence and association, among other evidence, in finding a conspiracy. *E.g.*, *United States v. Robles-Pantoja*, 887 F.2d 1250, 1254 (5th Cir. 1989).

The evidence presented was sufficient for a rational juror to find each element of the offense beyond a reasonable doubt. Convicted methamphetamine-trafficker Ayala testified he bought methamphetamine from Dominguez and sold it to Ramirez, among others, and eventually, as his business grew, established stash houses and hired delivery men. Regarding whether Nguyen knew of this agreement to traffic in methamphetamine, there was testimony: by Ayala, that Nguyen knew he was a drug trafficker by the way he "carr[ied] [him]self, flashy jewelry, cars, the money [he carried]", Nguyen's presence in the area of a two-pound methamphetamine transaction Ayala made, and discussion of narcotics

3

in Nguyen's presence; by an IRS Special Agent, that Nguyen told him he knew Ayala was involved in the narcotics business from "day one"; and by Ramirez, that narcotics were discussed in Nguyen's presence, and he and Nguyen had discussed Ramirez' involvement in narcotics trafficking.

For the last of the three elements, a rational juror could have found Nguyen voluntarily participated in the conspiracy, by testimony:  by Dominguez, that Nguyen built hidden compartments in a vehicle he used to transport methamphetamine; and by Dominguez and Ramirez, that Nguyen hid approximately $250,000 in drug proceeds inside the doors of Ramirez' vehicle.

B.

To prove the charged money-laundering conspiracy, the Government was required to prove:  "1) there was an agreement between two or more persons to launder money; 2) [Nguyen] voluntarily agreed to join the conspiracy; and 3) one of the persons committed an overt act in furtherance of the conspiracy". *United States v. Wilson*, 249 F.3d 366, 379 (5th Cir. 2001).

Pursuant to 18 U.S.C. § 1956, the elements of money laundering are met if "(1) [an individual] conducted or attempted a financial transaction, (2) which he knew involved proceeds arising from unlawful activity, (3) with the intent to promote or further those illegal actions, or (4) with the knowledge that the transaction's design was to conceal or disguise the nature or source of the

4

illegal proceeds", ***United States v. Pennell***, 409 F.3d 240, 243 (5th Cir. 2005); or if (1) property valued at more than $10,000 was derived from specified unlawful activity; (2) an individual engaged in a monetary transaction with this property; and (3) that individual knew this property was derived from unlawful activity, ***Wilson***, 249 F.3d at 379.

The evidence was sufficient for a rational juror to find Nguyen guilty of conspiracy to commit money laundering beyond a reasonable doubt. As noted, a rational juror could have found Nguyen knew Ayala and Dominguez were involved in drug trafficking. Ayala testified that Nguyen located and purchased vehicles and corporate stock, using drug-trafficking cash Ayala gave him for that purpose. Nguyen placed the assets in his own name, with Ayala using and possessing them, even obtaining insurance for at least one of the vehicles. In addition, there was evidence that, with cash obtained from drug sales, Ayala and Dominguez invested in Nguyen's audio business in exchange for fifty percent of the profits. Ayala testified he did not want assets in his name because he wanted to hide his ownership from law enforcement, which the purchases by Nguyen helped him do.

### III.

For the foregoing reasons, the judgment is

***AFFIRMED***.