# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-30413
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TRENTON M LAURANT

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CR-275-ALL

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Trenton M. Laurant was charged with one count of being a felon in possession of a firearm and one count of possession of marijuana. Laurant pleaded not guilty and was convicted on both counts by a jury.

During voir dire, the district court read Laurant's indictment to the jury and, in doing so, disclosed Laurant's prior Louisiana felony conviction for illegal use of a weapon. Defense counsel immediately objected and informed the district court that Laurant had agreed with the Government to stipulate, pursuant to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Old Chief v. United States, 519 U.S. 172 (1997), that he was a felon. The district court informed the parties that it had not received any stipulations. Laurant moved for a mistrial, and the district court denied his motion and issued a cautionary instruction to the jury.

Laurant argues that the district court erred when it informed the jury of the nature of his prior felony during voir dire. We review a district court's conduct during voir dire for abuse of discretion. United States v. Munoz, 150 F.3d 401, 412 (5th Cir. 1998). Laurant has not established that the district court was aware of the stipulation before it read the indictment in full. Therefore, he had not shown that the district court abused its discretion. See id.

Laurant also argues that the district court erred in denying his motion for a mistrial. We review a district court's denial of a motion for a mistrial for abuse of discretion. United States v. Dupre, 117 F.3d 810, 823 (5th Cir. 1997). "A prejudicial remark may be rendered harmless by curative instructions to the jury," and we give a district court judge's assessment of prejudice "considerable weight." United States v. Nguyen, 28 F.3d 477, 483 (5th Cir. 1994). A new trial is required only if there is a "significant possibility" that the prejudicial evidence that the jury heard "had a substantial impact upon [its] verdict, viewed in light of the entire record." United States v. Paul, 142 F.3d 836, 844 (5th Cir. 1998).

The district court admonished the jury immediately after it read the full indictment that it should disregard the reference that it made to the indictment and informed the jury of the stipulation. The nature of Laurant's prior conviction was not mentioned again at any time during the trial.

In denying his motion for a mistrial, the district court concluded that no harm was done, a finding that we give great weight. Further, "[j]urors are presumed to follow their instructions, and there is no reason to assume that they did not do so in this instance." United States v. Fields, 483 F.3d 313, 354 (5th Cir. 2007) (internal quotation marks and citation omitted), cert. denied, 2008 WL 114089 (Jan. 14, 2008) (No. 07-6395). The jury heard ample testimony from a

police officer, ATF agents, and Laurant's ex-girlfriend that calls into doubt the veracity of Laurant's version of events. Viewed in light of the entire record, Laurant has not demonstrated a "significant possibility" that the isolated reference to the nature of his prior conviction at the start of voir dire "had a substantial impact upon the jury verdict." See Paul, 142 F.3d at 844; Munoz, 150 F.3d at 413. The judgment of the district court is AFFIRMED.