# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2021

Lyle W. Cayce
Clerk

No. 20-50450

United States of America,

*Plaintiff—Appellee*,

*versus*

Joaquin Delgado Valencia,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CR-600-1

Before Dennis, Higginson, and Costa, *Circuit Judges*.

Per Curiam:[*]

Joaquin Delgado Valencia was convicted by a jury of possession with intent to distribute 500 grams or more of methamphetamine; conspiracy to possess with intent to distribute 500 grams or more of methamphetamine; conspiracy to import 500 grams or more of methamphetamine, five kilograms or more of cocaine, and one kilogram or more of heroin; conspiracy to

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50450

distribute 500 grams or more of methamphetamine and five kilograms or more of cocaine for importation into the United States; conspiracy to possess firearms in furtherance of drug trafficking crimes; possession of at least one firearm in furtherance of drug trafficking crimes; conspiracy to conduct financial transactions involved in proceeds of drug trafficking crimes; felon in possession of firearms; illegal re-entry into the United States; and illegal alien in possession of firearms. The district court sentenced Valencia to 480 months imprisonment, followed by a fifteen-year term of supervised release, and assessments totaling $1,000. Valencia appeals his conviction and sentence. Finding no reversible error, we AFFIRM.

I.

Valencia declined the government's plea offers, citing fear that the cartel for which he had been working would retaliate against his family members in Mexico if he pled guilty and proceeded to trial on February 24, 2020.

At trial, during the proof of Valencia's prior deportation or removal, an element of the offense of illegal re-entry, the government displayed a document in Valencia's A-file on a screen visible to the jury. When it was initially displayed to the jury, that document included in capital letters the text "MANUFACTURE, COMPOUND, CONVERT, PRODUCE A CONTROLLED SUBSTANCE, TO WIT: METHAMPHETAMINE," the name of the offense for which Valencia had previously been convicted in California state court. Defense counsel immediately objected to the document, and it was removed from the view of the jury.

Valencia then moved for a mistrial or, in the alternative, a curative instruction. The district court denied the motion for mistrial but did immediately instruct the jury to ignore the document that had just been shown "if any of you could read any of it in the short time it was up there."

2

In addition, during the jury charge, the district court instructed the jury to disregard any testimony or other evidence that had been removed from the jury's consideration.

After four days of testimony, the jury convicted Valencia on all ten counts. The Presentence Investigation Report (PSR) calculated Valencia's base offense level and applied three enhancements: a two-level adjustment for maintaining a premise for the purpose of manufacturing or distributing a controlled substance, a two-level adjustment for importing methamphetamine, and a four-level adjustment for acting as a leader or organizer. Valencia's final adjusted offense level was 43, for which the Sentencing Guidelines recommended life. Prior to sentencing, Valencia filed written objections to the PSR's adjustments for maintaining a premise and acting as a leader or organizer. Valencia re-urged those objections at the sentencing hearing.

At the sentencing hearing, the district court overruled Valencia's objections and imposed a sentence of 480 months imprisonment, followed by 15 years of supervised release, and a special assessment of $1,000.

II.

On appeal, Valencia argues that the district court abused its discretion by denying his motion for mistrial after a document that contained information about the nature of his prior conviction was displayed to the jury.

We review a district court's denial of a motion for mistrial under an abuse of discretion standard. *United States v. Paul*, 142 F.3d 836, 844 (5th Cir. 1998). "If the motion for mistrial involves the presentation of prejudicial testimony before a jury, a new trial is required only if there is a significant possibility that the prejudicial evidence had a substantial impact upon the jury verdict, viewed in light of the entire record." *Id.* "A prejudicial remark may be rendered harmless by curative instructions to the jury," *United States*

*v. Nguyen*, 28 F.3d 477, 483 (5th Cir. 1994), unless the evidence is "so highly prejudicial as to be incurable by the trial court's admonition." *United States v. Ramirez-Velasquez*, 322 F.3d 868, 878 (5th Cir. 2003).

Evidence of the nature of Valencia's prior conviction was undoubtedly prejudicial given that he was on trial for offenses related to the possession and distribution of methamphetamine. *See Old Chief v. United States*, 519 U.S. 172, 185 (1997). However, the district court determined that it was unlikely the jury saw the offending evidence, a finding we give considerable weight. *Nguyen*, 28 F.3d at 483. In addition, the jury was provided with overwhelming evidence of Valencia's guilt. Two co-conspirators testified about Valencia's involvement in the conspiracy, video surveillance recorded Valencia's frequent and lengthy presence at the facility where large quantities of drugs and guns were seized, and he was arrested at that facility at the same time the drugs and guns were seized.

In light of the apparent brevity of the display of the prejudicial evidence before the jury, the district court's immediate curative instruction,[1] and the overwhelming evidence of guilt, we cannot say that there is a "significant possibility that" the display of the unredacted A-file "had a substantial impact upon the jury verdict." *Paul*, 142 F.3d at 844. Consequently, the district court did not abuse its discretion in denying Valencia's motion for mistrial.

---

[1] Although Valencia asked the district court for a mistrial and "also, in the alternative, for an instruction for the jury to disregard" the unredacted A-file, the government has not argued that Valencia abandoned his primary request for a mistrial or that this issue should receive review only for plain error.

III.

Valencia raises two challenges to his sentence.  First, he argues that the district court erred in applying the four-level leader/organizer enhancement under U.S.S.G. § 3B1.1(a).  Valencia filed written objections to the PSR's finding that he was a leader or organizer and raised the same objections at the sentencing hearing.  Thus, he has preserved that issue for review on appeal.

"When an error is preserved by specific objection in the trial court, this court reviews the district court's findings of fact for clear error and its application of the federal sentencing guidelines *de novo*."  *United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012).  The district court's determination that a defendant is a leader or organizer is a factual finding subject to clear error review.  *United States v. Dickerson*, 909 F.3d 118, 127 (5th Cir. 2018).  A finding of fact is not clearly erroneous if it is plausible in light of the record as a whole.  *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005).

The Sentencing Guidelines provide for a four-level increase in the offense level "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."  U.S.S.G. § 3B1.1(a).  The commentary to the Guidelines suggests that in determining whether a defendant is a leader or organizer, courts should consider:

> the exercise of decision making authority, the nature of
> participation in the commission of the offense, the recruitment
> of accomplices, the claimed right to a larger share of the fruits
> of the crime, the degree of participation in planning or
> organizing the offense, the nature and scope of the illegal

activity, and the degree of control and authority exercised over
others.

*Id.* at cmt. 4.

The district court's conclusion that Valencia acted as a leader or
organizer is plausible in light of the record as a whole. *Betancourt*, 422 F.3d
at 246. In overruling Valencia's objection to the PSR, the district court cited
video evidence introduced at trial showing Valencia directing operations at
the location where the drugs were manufactured and stored. In addition,
Valencia's co-conspirator Xavier Toca testified at trial that, for a time,
Valencia was in control of the shop where the drugs were manufactured and
stored and that the cartel sent Valencia to San Antonio specifically to
supervise Toca. *See United States v. Cooper*, 274 F.3d 230, 247 (5th Cir. 2001)
("Proof that the defendant supervised only one other culpable participant is
sufficient to make the defendant eligible for the [leader or organizer]
enhancement."). Thus, the district court's determination that Valencia
acted as a leader or organizer was not clearly erroneous.

Second, Valencia argues that his sentence is substantively
unreasonable because it is "greater than necessary" to achieve the goals
listed in 18 U.S.C. § 3553(a). The substantive reasonableness of a sentence
is reviewed for abuse of discretion. *United States v. Broussard*, 882 F.3d 104,
112 (5th Cir. 2018). "This court applies a rebuttable presumption of
reasonableness to a properly calculated, within-guidelines sentence . . . ."
*United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). That presumption
can be rebutted only if the defendant shows that the sentence does not
account for a factor that should receive significant weight, gives significant
weight to an irrelevant or improper factor, or represents a clear error of
judgment in balancing the sentencing factors. *Id.*

Although it leaves little chance of release given his age and life
expectancy, Valencia's 480-month sentence is below the Guidelines

No. 20-50450

recommendation of life. Thus, his sentence is presumed reasonable. Our review of the record indicates that the district court adequately considered and weighed the factors listed in 18 U.S.C. § 3553(a). At the sentencing hearing, the district court cited Valencia's prior record and the amount of drugs and guns involved in this case as reasons for rejecting Valencia's request for a sentence under 240 months. *See* 18 U.S.C. § 3553(a)(1) (listing "the nature and circumstances of the offense and the history and characteristics of the defendant" as factors to consider in imposing a sentence). Further, in the Statement of Reasons, the district court explained that a life sentence was not warranted given the absence of any direct deaths. *See* 18 U.S.C. § 3553(a)(3)-(4) ("the kinds of sentences available" and "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines").

Valencia contends that that he deserves a lower sentence because the cartel's threats against his family compelled him to participate in the conspiracy. Valencia and his trial counsel described these circumstances at the sentencing hearing, and Valencia has not shown that the district court failed to consider them. Nor has he shown that the district court's balancing of the § 3553(a) factors represents a clear error of judgment. As such, we hold that the district court's imposition of a 480-month sentence was not an abuse of discretion.

IV.

For the foregoing reasons, we AFFIRM Valencia's conviction and sentence.

7